## STATE v. WHITE.

CRIMINAL LAW—AIDING AND ABETTING.—The instructions to the jury on coming out for instructions do not so modify the charge as to aiding and abetting in the commission of a crime, when considered therewith, as to state a principle inconsistent with the principles applicable thereto.

Before GAGE, J., Pickens, March, 1902.   Affirmed.

Indictment against Hamp White, Robert E. LaBoon, Jay McMahan and Hampton LaBoon, for assault with intent to kill. From sentence on verdict of guilty, these defendants appeal.

*Messrs. B. A. Morgan, Ivy M. Mauldin* and *Carey & McCullough,* for appellants. *Mr. Carey* cites: 36 S. C., 524; 4 Ency., 620; 49 S. C., 550.

*Solicitor Julius E. Boggs* and *Assistant Attorney General Townsend,* contra. Oral argument by the latter.

August 14, 1903. The opinion of the Court was delivered by

Mr. Justice Woods. Hampton White, Robert E. LaBoon, Jay McMahan, Hampton LaBoon, William Sheriff and Walter Ellis were tried in the Court of General Sessions for Pickens County under one indictment, for assault and battery with intent to kill, in shooting with a pistol one Sam Sutherland. All were convicted of assault and battery of a high and aggravated nature, except William Sheriff and Walter Ellis, who were acquitted. The convicted defendants appeal. After the jury had been in consultation some time, the foreman returned to the court room, and the following colloquy took place:

"Foreman: Would there be any difference between Hamp White and Bob LaBoon and Jay McMahan—it seems that Bob LaBoon was the man that was proven as doing the shooting—

"The Court: You can find any one guilty you please, and any one you please not guilty. Do you want me to help you?

"The Foreman: We would like to have your help in there a few minutes.

"The Court: Bring your jury into Court."

The jury returned, and the presiding Judge in his remarks to them used these words: "If you find that any one particular man fired the shot and had malice in his heart when he

21—67

fired it, then it is your duty to say guilty; and if any other man with a wicked heart like, he had, if he had a wicked heart, ready and willing and able to help him, that man is just as guilty as the man who fired the shot; and whether he was there with that wicked heart and ready and willing hand, he is just as guilty as the man who fired the shot. Now, here are these six men standing in a row, charged with the offense, and you may find one or more guilty, or all guilty, or all not guilty, just as you see fit."

The defendants insist the Circuit Judge erred in this portion of his charge, and "in not charging the true rule as applicable to this case, where several defendants are on trial for the same offense, that if one did the act and the others were present aiding and abetting him in the common purpose, all would be responsible for the act of such one of the party; provided, the act was in pursuance of or incidental to such purpose; but if the act committed had no connection with the common object, the party committing it is alone responsible for the consequences." This is a correct proposition of law. *State* v. *Carson,* 36 S. C., 524, 15 S. E., 588; *State* v. *Cannon,* 49 S. C., 550, 27 S. E., 526. And we think it was substantially charged when the Circuit Judge used the following very guarded language in his charge to the jury before they retired: "If you find that they did shoot him with a malicious, evil heart, and with intent to kill him, you will say guilty; but if you find that they did not intend-to kill him, but shot him with a hot heart, that they had a hot, passionate heart, you will say guilty of assault and battery of a high and aggravated nature. Now the State charges that all six of the defendants did it. I charge you that if one did it and all the others were present with that mind, and were there ready and willing to do their part in the affray, were aiding and abetting the one who did it, the very presence would not make him guilty; the having of a malicious heart would not make him guilty, but he must have a wicked, evil heart, joined in a wicked purpose to do the deed, and must be there ready and willing to do the deed if necessary."

This language bears no other interpretation than that in order to convict any others than the defendant who fired the shot, the jury must be convinced such others were aiding and abetting, ready and willing to do the very deed which was done, and with a wicked purpose to do it. It is a very plain statement to the effect that the unlawful act actually done by one must be the common purpose of the others, in which purpose they were aiding and abetting with malicious motive. Assuming, then, that the charge as originally made was a correct statement of the law, the next question is, whether it was so modified when the jury returned for further instruction as to lead them to suppose it was not necessary to conviction of any other of the defendants than that one who may have fired the shot, that they should be aiding and abetting with a malicious mind in the very crime charged, with a common purpose to commit it. There is nothing in these remarks at variance with what had been before said as to the necessity of proof of a common purpose to do the deed of which they were accused. The crime alleged was unlawfully shooting a man. From the context of his last remarks, it is perfectly clear that the Circuit Judge meant the parties who did not fire the shot would be guilty, if they were there with the malicious intent of aiding in the shooting—not any other enterprise. We think the charge was in accord with defendants' view of the law. If they wished it stated with more particularity, a request to that effect should have been submitted.

The judgment of this Court is, that the judgment of the Circuit Court be affirmed.