## STATE v. GAYLORD.

HOMICIDE—THREATS—EVIDENCE.—If A. and B. on one side and C. and D. on the other are engaged in a difficulty and C. is killed, A. cannot escape on the ground that his shot did not kill, if he brought on the fight; but when A.'s defense is that he did not bring on the difficulty, but that it was brought on by D., A. should be allowed to show the threats of D., if not too remote or insignificant to indicate the probable *animus* of D.

Before M. F. ANSEL, special Judge, Greenville, September, 1904. Reversed.

Indictment against Rush Gaylord and Doc. Gaylord, for murder. From sentence on verdict, defendants appeal.

*Messrs. Shuman & Muckenfuss,* for appellants, cite: *When uncommunicated threats are admissible:* 43 S. C., 52; 33 S. C., 117; 12 Rich., 430; *and evidence of bad character:* 29 S. C., 34; 12 Rich., 430. *If there be prima facie evidence of a conspiracy, the acts and declarations of each are admissible in evidence against all the others:* 11 S. C., 196; 34 S. C., 50.

*Solicitor J. E. Boggs,* contra.

February 7, 1905. The opinion of the Court was delivered by

MR. JUSTICE WOODS. The defendants were convicted of the murder of Will Cannady, with a recommendation to mercy, and were duly sentenced to life imprisonment. The facts are peculiar, and the appeal raises, at least, one interesting question. The tragedy occurred at New Pilgrim Church, where a number of negroes had met for some social or religious purpose. Doc Gaylord and Rush Gaylord were near the path to the spring, when the deceased, Will Cannady, and his brother, Mitch Cannady, approached, and a

difficulty immediately began between Doc Gaylord and Mitch Cannady. The witnesses for the State testified, Doc Gaylord fired first and without any provocation by Mitch Cannady. Witnesses for the defense testified with equal positiveness that Mitch Cannady commenced the difficulty by abusing Doc Gaylord and immediately opening fire on him. There was also evidence on behalf of the defense that Will Cannady, who was killed, opened fire on Rush Gaylord while Doc Gaylord and Mitch Cannady were shooting at each other. On the other hand, the witnesses for the State said Will Cannady had no pistol, and was shot by Rush Gaylord while he was trying to make peace, or, at least, protesting against violence. Neither of the Gaylords were struck, while Mitch Cannady received three wounds, and Will Cannady two, which resulted in his death. The evidence makes it practically certain Will Cannady was killed by Rush Gaylord, and that Doc Gaylord did not shoot him at all. If, however, Doc Gaylord brought on the fight with pistols and Rush Gaylord joined him in the unlawful attempt to take human life, and in the pursuit of this common purpose, Rush Gaylord alone killed the deceased, Doc Gaylord could not escape on the ground that it was not the ball from his pistol that killed. Both would be guilty. *State* v. *Cannon,* 49 S. C., 555, 27 S. E., 526. There was evidence tending to prove that Doc Gaylord did commence the shooting, in which Rush Gaylord joined him, and thus brought about the homicide. For this reason a new trial as to Dock Gaylord for lack of evidence to support the verdict was properly refused.

The more serious question is, was the Circuit Court in error in rejecting all evidence of previous threats of Mitch Cannady against Doc Gaylord and evidence as to his reputation for violence? It will be observed that Doc Gaylord could be convicted of the murder only by proof that he brought about a contest with pistols, in which Rush Gaylord, acting in concert with him, killed the deceased. The pivotal question, therefore, in the trial of Doc Gaylord was, whether

he fired on Mitch Cannady, and thus, without legal excuse, brought on the fight, or shot in self-defense after he himself had been violently abused and fired at by Mitch Cannady. On this issue much contradictory evidence was adduced. In convicting Doc Gaylord of the murder of Will Cannady, the jury necessarily found he brought on the fight by attacking Mitch Cannady. Evidence of threats and of reputation is received because such evidence tends to indicate the probable attitude and animus of the parties towards each other, and give color to their actions. Manifestly it was as vital to Doc Gaylord's defense to support the direct testimony that Mitch Cannady was the aggressor by showing his animus, as if Mitch instead of Will had been killed, because Doc's guilt or innocence of the murder of Will depended on whether he had attacked Mitch and brought on the fight, or had only defended himself against an unprovoked attack. We think, therefore, on principle, the Circuit Court was in error in holding that evidence could be admitted only as to the reputation and threats of the deceased. While the question seems to be a novel one in this State, the view above stated is sustained by the current of authority. When the defendant, in support of the denial of his own guilt, offers testimony tending to show that the crime was committed by a third party, evidence of the threats of such third party are admissible when they are not too remote or insignificant to throw light on the actions of such third party. *Alexander* v. *U. S.*, 138 U. S., 353, 43 L. ed., 954; *State* v. *Hawley,* 27 Atl., 417 (Conn.) ; *Kunde* v. *State,* 3 S. W., 330 (Tex.) ; *Cline* v. *State,* 27 S. W., 133 (Tex.) ; *Reeves* v. *State,* 31 S. W., 382 (Tex.). Here Doc Gaylord's defense was that he did not bring on the difficulty, and that, on the contrary, it was brought on by Mitch Cannady, a third party, and to throw light on the contradictory evidence bearing on this issue, it was his right to prove the turbulent character of Mitch Cannady and his threats, if found by the Circuit Court not to be too remote or insignificant to indicate his probable animus.

27—70

We do not think, however, this conclusion can avail Rush Gaylord. There was not the slightest evidence that Mitch Cannady attacked him, or that he was in any danger from the pistol of Mitch. His defense was that Will Cannady made an unprovoked attack on him, and that he killed him in defending his own life. The animus or motive of Mitch Cannady could not, therefore, affect his case. It may be true, that if there had been evidence of a conspiracy between the two Cannadys not only against Doc Gaylord but also against Rush Gaylord, satisfactory to the Circuit Judge, the threats of Mitch Cannady, one of the conspirators, against Rush Gaylord would have been admissible in his defense. But there was not the slightest evidence of conspiracy against Rush Gaylord, and there was, therefore, no basis for admitting threats of Mitch Cannady on this ground.

The judgment of this Court is, that as to Rush Gaylord, the judgment of the Circuit Court be affirmed, and that as to Doc Gaylord, the judgment of the Circuit Court be reversed, and the case be remanded for a new trial.