**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Supreme Court**

Tiffany Sanders, Petitioner,

v.

State of South Carolina, Respondent.

Appellate Case No. 2012-212858
Lower Court Case No. 2011-CP-18-01497

_____

Appeal From Dorchester County
The Honorable DeAndrea G. Benjamin, Circuit Court
Judge

_____

Memorandum Opinion No. 2014-MO-049
Submitted December 9, 2014 – Filed December 17, 2014

_____

**AFFIRMED**

_____

Dale T. Cobb, Jr. and Thomas R. Goldstein, both of Belk
Cobb Infinger & Goldstein, P.A., of Charleston, for
Petitioner.

Senior Assistant Deputy Attorney General Salley W.
Elliott, of Columbia, for Respondent.

_____

**PER CURIAM:**   Petitioner seeks a writ of certiorari from the denial of her application for post-conviction relief (PCR).

Because there is sufficient evidence to support the PCR judge's finding that petitioner did not knowingly and intelligently waive her right to a direct appeal, we grant certiorari on this issue, deny certiorari on petitioner's Questions I and II, and proceed with a review of petitioner's direct appeal issues pursuant to *Davis v. State*, 288 S.C. 290, 342 S.E.2d 60 (1986).

Petitioner's conviction and sentence are affirmed pursuant to Rule 220(b)(1), SCACR, and the following authorities:

Issue I (directed verdict):  Rule 208(b)(1)(B), SCACR ("Ordinarily, no point will be considered which is not set forth in the statement of the issues on appeal."); *State v. Cherry*, 361 S.C. 588, 593-94, 606 S.E.2d 475, 478 (2004) ("If there is any direct evidence or any substantial circumstantial evidence reasonably tending to prove the guilt of the accused, an appellate court must find the case was properly submitted to the jury."); *State v. McHoney*, 344 S.C. 85, 97, 544 S.E.2d 30, 36 (2001) ("On appeal from the denial of a directed verdict, an appellate court must view the evidence in the light most favorable to the State."); *State v. Langley*, 334 S.C. 643, 648, 515 S.E.2d 98, 101 (1999) ("Under this theory [the hand of one is the hand of all], one who joins with another to accomplish an illegal purpose is liable criminally for everything done by his confederate incidental to the execution of the common design and purpose."); *State v. Bailey*, 298 S.C. 1, 5, 377 S.E.2d 581, 584 (1989) ("A party cannot argue one ground for a directed verdict in trial and then an alternative ground on appeal."); *State v. Cannon*, 49 S.C. 550, 555, 27 S.E. 526, 530 (1897) ("The common purpose may not have been to kill and murder, but if it was unlawful, as, for instance, to break in, and steal, and in the execution of this common purpose a homicide is committed by one, as a probable or natural consequence of the acts done in pursuance of the common design, then all present participating in the unlawful common design are as guilty as the slayer.").

Issue II (jury instruction):  Rule 208(b)(1)(B), SCACR ("Ordinarily, no point will be considered which is not set forth in the statement of the issues on appeal."); *State v. Mattison*, 388 S.C. 469, 697 S.E.2d 578 (2010) (holding a jury instruction is correct if it contains the proper definitions and adequately covers the law); *State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 693-94 (2003) ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled

upon by the trial judge.  Issues not raised and ruled upon in the trial court will not be considered on appeal."); *State v. Collins*, 228 S.C. 537, 91 S.E.2d 259 (1956) (holding where the jury acquitted the appellants on one particular offense in the indictment, no prejudice resulted from the jury instructions for that offense).

**AFFIRMED.**

**TOAL, C.J., PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.**