559 S.E.2d 297

**The STATE, Respondent,**

v.

**Yukoto Eugene CHERRY, Appellant.**

**No. 3406.**

Court of Appeals of South Carolina.

Heard June 5, 2001.

Decided Nov. 13, 2001.

Rehearing Denied Feb. 22, 2002.

Jeanne A. Pearson, of Kennedy, Covington, Lobdell & Hickman; Thomas F. McDow, both of Rock Hill; and Chief Attorney Daniel T. Stacey, of SC Office of Appellate Defense, of Columbia, for appellant.

Attorney General Charles M. Condon, Chief Deputy Attorney General John W. McIntosh, and Assistant Attorney General Toyya Brawley Gray, all of Columbia; and Solicitor Thomas E. Pope, of York, for respondent.

STILWELL, J.

Yukoto Eugene Cherry appeals his conviction for possession of crack cocaine with intent to distribute. Cherry raises six issues on appeal. A three-judge panel of this court was unanimous in rejecting four of the six issues raised by Cherry, but was divided on the remaining two. One judge voted to affirm the conviction, one voted to reverse based on Cherry's entitlement to a directed verdict, and the third voted to reverse and grant a new trial based on the inadequacy of the jury charge. *See State v. Cherry*, Op. No. 3296, 2001 WL 125167 (S.C. Ct.App. filed Feb. 12, 2001) (Shearouse Adv. Sh. No. 6 at 72). Because at least two judges of the panel voted to affirm with respect to each issue, this division effectively resulted in an affirmance of Cherry's conviction.

This court granted en banc review, limited to reconsideration of whether the State presented any direct or substantial circumstantial evidence to establish Cherry's intent to distribute crack cocaine and whether the trial court erred by failing to give a complete jury charge on circumstantial evidence. As to the four issues about which there was no dispute on the three-judge panel, that initial panel decision remains unmodified. The opinions of the three-judge panel on the directed verdict and jury charge issues are hereby vacated by this en banc disposition. The result of the en banc reconsideration is once again a divided court, with three of our members believing the conviction should be affirmed on both issues, four believing that Cherry was entitled to a directed verdict of not guilty, and two convinced that the circumstantial evidence charge was insufficient. Thus, pursuant to S.C.Code Ann. § 14–8–90 (Supp.2000), this division results in an affirmance of Cherry's conviction. § 14–8–90 (When the Court of Appeals sits en banc, "a concurrence of six of the judges is necessary for a reversal of the judgment below.").

This author's original opinion on the two issues upon which en banc reconsideration was granted remains unchanged and, with minor modifications, is repeated herein.

## FACTS/PROCEDURAL BACKGROUND

Just before midnight on July 31, 1998, Officer Steven Parker of the Rock Hill Police Department stopped a car driven by Cherry's sister for two traffic violations. Cherry was a passenger in the back seat. While Officer Parker sat in his patrol car writing citations, a backup officer arrived and saw Cherry's sister stuff a pistol into a diaper bag. After arresting her, the officers ordered the passengers out of the car to check for additional weapons. Cherry had no weapons, but Officer Parker discovered a small bag containing approximately eight rocks of crack cocaine in his watch pocket. He also seized $322 in cash from Cherry.

Cherry was indicted for possession of crack cocaine with intent to distribute and possession of crack cocaine within proximity of a public park. At the conclusion of the State's case, the trial court granted Cherry's motion for a directed verdict on the charge of possession within proximity of a public park. The court denied his motion for a directed verdict on the charge of possession with intent to distribute and the jury found him guilty.

## DISCUSSION

### Directed Verdict

Cherry argues the trial court improperly refused his motion for a directed verdict on the charge of possession with intent to distribute because there was no evidence he intended to distribute the crack cocaine. We disagree.

When considering a motion for a directed verdict in a criminal case, the trial court is concerned with the existence or nonexistence of evidence, not its weight. *State v. Burdette*, 335 S.C. 34, 46, 515 S.E.2d 525, 531 (1999); *State v. Morgan*, 282 S.C. 409, 411, 319 S.E.2d 335, 336 (1984). It has been recently held that this remains true even when the State relies exclusively on circumstantial evidence. *State v. Mitchell*, 341 S.C. 406, 409, 535 S.E.2d 126, 127 (2000). Some cases have

held that if the State presents any evidence which reasonably tends to prove the defendant's guilt, or from which the defendant's guilt could be fairly and logically deduced, the case must go to the jury. *Burdette,* 335 S.C. at 46, 515 S.E.2d at 531; *State v. Poindexter,* 314 S.C. 490, 493, 431 S.E.2d 254, 255–56 (1993). Other cases indicate that where the evidence is circumstantial, there must be *substantial* circumstantial evidence which reasonably tends to prove the guilt of the accused or from which his guilt may be fairly and logically deduced. *State v. Martin,* 340 S.C. 597, 602, 533 S.E.2d 572, 574 (2000) (citing *State v. Williams,* 321 S.C. 327, 468 S.E.2d 626 (1996)). Still other cases indicate some distinction between direct evidence and circumstantial evidence in considering whether a directed verdict should be granted. *State v. Patterson,* 337 S.C. 215, 232, 522 S.E.2d 845, 853 (Ct.App.1999) ("If there is *any* direct evidence or *any* *substantial* circumstantial evidence which reasonably tends to prove the guilt of the accused or from which guilt may be fairly and logically deduced, an appellate court must find the case was properly submitted to the jury." (emphasis added)) (citing *State v. Johnson,* 334 S.C. 78, 512 S.E.2d 795 (1999)). If the trial court must make a determination that the circumstantial evidence is substantial, that would seem to require a weighing of the evidence which, of course, all cases agree, is forbidden.

▆▆▆ Clearly, the trial judge should grant a directed verdict motion when the evidence merely raises a suspicion that the accused is guilty. *Martin,* 340 S.C. at 602, 533 S.E.2d at 574 (citing *State v. Irvin,* 270 S.C. 539, 243 S.E.2d 195 (1978)). It is equally clear, however, that on appeal from the denial of a motion for directed verdict, this court must view the evidence in the light most favorable to the State. *Burdette,* 335 S.C. at 46, 515 S.E.2d at 531.

▆▆▆ The State submitted testimony that Cherry's arrest occurred in a high crime area known for violence and drug activity. Cherry had a small bag containing approximately eight rocks of crack cocaine on his person. He had no crack pipe or other drug paraphernalia with him indicating the crack cocaine was for his personal consumption. He did, however, have $322 cash on his person in mostly twenty dollar bills. Officer Parker testified a single rock of crack cocaine is

typically sold for twenty dollars. Viewing this evidence in the light most favorable to the State, as we must, and without passing on the weight of the evidence, the combination of these factors constitute evidence which would reasonably tend to prove Cherry intended to distribute the crack cocaine and, thus, justifies the trial court's decision to submit the case to the jury for its determination.[1]

## Circumstantial Evidence Instruction

During its jury charge, the trial court issued the circumstantial evidence instruction recently approved and recommended by our supreme court in *State v. Grippon*, 327 S.C. 79, 489 S.E.2d 462 (1997). After the jury was charged, defense counsel requested the court issue Judge Ervin's charge on the difference between direct and circumstantial evidence. Tom J. Ervin, *Ervin's South Carolina Requests to Charge–Criminal* § 3–4 (1994). The court refused to re-charge the jury as requested.

We note that Judge Ervin's model charge on circumstantial evidence is similar to the traditional language our supreme court approved in *State v. Edwards*, 298 S.C. 272, 379 S.E.2d 888 (1989). The traditional charge distinguishes between direct and circumstantial evidence, whereas the new charge adopted in *Grippon* specifically states there is no legal distinction between the two types of evidence. *Compare Edwards*, 298 S.C. at 275, 379 S.E.2d at 889 (" '[E]very circumstance relied upon by the State [must] be proven beyond a reasonable doubt; and . . . all of the circumstances so proven be consistent with each other and taken together, point conclusively to the guilt of the accused to the exclusion of every other reasonable hypothesis.' ") (quoting *State v. Littlejohn*, 228 S.C. 324, 328, 89 S.E.2d 924, 926 (1955)), *with Grippon*, 327 S.C. at 83–84, 489 S.E.2d at 464 ("The law makes absolutely no distinction between the weight or value to be given to either direct or circumstantial evidence. Nor is a greater degree of certainty required of circumstantial evi-

---

1. We have not factored in nor considered the presence of the pistol in the vehicle because the trial judge, in analyzing whether to submit the case to the jury, specifically stated that he did not consider it in his deliberations.

dence than of direct evidence."). Although the supreme court noted in *Grippon,* 327 S.C. at 82, 489 S.E.2d at 463, and reiterated in *State v. Needs,* 333 S.C. 134, 156 n. 13, 508 S.E.2d 857, 868 n. 13 (1998) and *State v. Graddick,* 345 S.C. 383, 388, 548 S.E.2d 210, 212 (2001), that the traditional *Edwards* charge is still a legally correct and appropriate jury instruction, we cannot fault the trial court for utilizing a charge recently specifically approved by the supreme court. It obviously is a correct statement of the law of circumstantial evidence. "The judge properly instructs the jury if he adequately states the applicable law. A jury charge which is substantially correct and covers the law does not require reversal." *State v. Ezell,* 321 S.C. 421, 425, 468 S.E.2d 679, 681 (Ct.App.1996) (citation omitted). We find no error.

## CONCLUSION

We conclude the trial court properly submitted Cherry's charge to the jury and committed no error in instructing the jury on the law of circumstantial evidence. Thus Cherry's conviction for possession with intent to distribute crack cocaine is

**AFFIRMED.**

HUFF, J., concurs.

GOOLSBY, J., concurs in a separate opinion.

ANDERSON, J., concurs and dissents in a separate opinion.

HOWARD, J., concurs and dissents in a separate opinion in which HEARN, C.J., and CURETON, J., concur.

SHULER, J., concurs and dissents in a separate opinion.

CONNOR, J., dissents and joins in the dissents of HOWARD, J., and SHULER, J.

GOOLSBY, J. (concurring):

I concur fully in Judge Stilwell's opinion.

What Judge Howard's opinion would have us do is weigh the evidence, and this the court of appeals cannot do in a criminal case any more than it can make a "crab walk

straight" or "smooth the rough spikes of the hedgehog." Aristophanes, *Peace* (Anon.trans.) (420 B.C.), *at* http://www.vt.edu/vt98/academics/books/aristophanes/peace; *see State v. Mitchell*, 341 S.C. 406, 535 S.E.2d 126 (2000) (stating the trial court is concerned with the existence or nonexistence of evidence and not its weight even when the prosecution relies exclusively on circumstantial evidence); *State v. Burdette*, 335 S.C. 34, 46, 515 S.E.2d 525, 531 (1999) ("On a motion for a directed verdict in a criminal case, the trial court is concerned with the existence or non-existence of evidence, not its weight."). The question of whether the crack cocaine found on Cherry's person was for his own personal use or for distribution to others was singularly for the jury.

Although the amount of crack cocaine in this case was not sufficient to apply the statutory inference of intent to distribute, there is no question that the State presented direct evidence of possession. Furthermore, in discrediting the evidence of Cherry's intent as circumstantial rather than direct, Judge Howard's opinion fails to recognize that "[i]ntent is seldom susceptible to proof by direct evidence and must ordinarily be proven by circumstantial evidence, that is, by facts and circumstances from which intent may be inferred." *State v. Tuckness*, 257 S.C. 295, 299, 185 S.E.2d 607, 608 (1971); *see also* 29A Am.Jur.2d *Evidence* § 1469 at 849–50 (1994) ("Circumstantial evidence alone is often sufficient to show criminal intent because the element of intent, being a state of mind or mental purpose, is usually incapable of direct proof.").

What gives me additional concern is the reason Judge Howard characterizes the evidence of Cherry's intent as "not substantial." In dismissing this evidence because it could have supported the inference that Cherry intended to use rather than distribute the crack cocaine in his possession, he appears to follow the directive in *State v. Manis*, 214 S.C. 99, 51 S.E.2d 370 (1949), that when the prosecution attempts to prove guilt by circumstantial evidence, an acquittal is warranted unless the circumstances "point conclusively—that is, to a moral certainty—to the guilt of the accused; ... and they must further be absolutely inconsistent with any other reasonable hypothesis than the guilt of the accused." *Id.* at 101, 51 S.E.2d at 371 (citations omitted). The supreme court, howev-

er, has since overruled *Manis* and its progeny on this very issue. *State v. Edwards,* 298 S.C. 272, 379 S.E.2d 888, *cert. denied,* 493 U.S. 895, 110 S.Ct. 246, 107 L.Ed.2d 196 (1989).

ANDERSON, J. (concurring and dissenting):

Within recent years, the rule of circumstantial evidence in the criminal trial venue has evoked more etymological responses by academics, commentators, and judges than any other criminal trial principle.

The most common error found in the literature and case law is the tendency to isolate circumstantial evidence from its utilitarian aspect in regard to the trial jury (*i.e.,* fact finders) into an academic vacuum analysis by legal scholars.

In the criminal trial arena, the "circumstantial evidence" principle juxtaposes the trial judge and jury in reference to their duties and function. Initially, a trifurcated review must be undertaken:

(1) What is the correct articulation of the rule as to verbiage and language?

(2) What is the functional and analytical role of the judge in applying the circumstantial evidence rule when a motion for directed verdict is presented to the court?

(3) What is the proper jury charge on circumstantial evidence?

## I. The Rule

Due process requires the prosecution to prove beyond a reasonable doubt that a defendant is guilty of the crime charged. *E.g.,* S.C. Const. art. I, § 3; *In re Winship,* 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). It is an axiomatic and elementary principle that guilt can be proven through the State's introduction of direct or circumstantial evidence or both.

Our Supreme Court defined "direct evidence" and "circumstantial evidence" in *State v. Needs,* 333 S.C. 134, 508 S.E.2d 857 (1998):

Direct evidence is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an

eyewitness. Circumstantial evidence is proof of a chain of facts and circumstances indicating the existence of a fact. *Id.* at 156 n. 13, 508 S.E.2d at 868 n. 13; *see also State v. Salisbury*, 343 S.C. 520, 524 n. 1, 541 S.E.2d 247, 248–49 n. 1 (2001) ("Evidence can be divided into two basic categories: direct and circumstantial. Direct evidence is evidence based on actual knowledge and proves a fact without inference or presumption. Direct evidence immediately establishes the main fact to be proved. Circumstantial evidence immediately establishes collateral facts from which the main fact may be inferred, and is typically characterized by inference or presumption.") (citations omitted); *State v. Nesmith*, 213 S.C. 60, 67, 48 S.E.2d 595, 598 (1948) ("Direct evidence is testimony, which if believed, tends directly to prove a fact in issue. Circumstantial evidence on the other hand, while not tending directly to prove a fact in issue gives rise to a legal inference that such fact does exist.") (quoting the jury charge given by the trial court, which the Supreme Court held was a correct statement of the law); *Underhill's Criminal Evidence* § 15 (6th ed.1973) (stating direct evidence immediately establishes the main fact to be proved, while circumstantial evidence immediately establishes collateral facts from which the main fact may be inferred).

## II. Role of the Court

Rule 19(a) of the South Carolina Rules of Criminal Procedure permits a criminal defendant to move for directed verdict:

> On motion of the defendant or on its own motion, the [trial] court shall direct a verdict in the defendant's favor on any offense charged in the indictment after the evidence on either side is closed, if there is a failure of competent evidence tending to prove the charge in the indictment. In ruling on the motion, the trial judge shall consider only the existence or non-existence of the evidence and not its weight.

The trial judge assesses the evidence, both direct and circumstantial, in the light most favorable to the State.

On appeal, the parameters of the appellate court's review are identical to the analytical method applied by the trial

judge. *See, e.g., State v. Horne,* 324 S.C. 372, 478 S.E.2d 289 (Ct.App.1996); *In the Interest of Bruce O.,* 311 S.C. 514, 429 S.E.2d 858 (Ct.App.1993). As at the trial level, the appellate tribunal views the evidence in the light most favorable to the prosecution. *E.g., State v. Kelsey,* 331 S.C. 50, 502 S.E.2d 63 (1998).

## A. The "Any Evidence" Standard

In *State v. Rush,* 129 S.C. 43, 123 S.E. 765 (1924), the Supreme Court heard the appeal of several persons convicted for illegally manufacturing whisky in Greenwood County. Among the exceptions presented was whether the trial court erred by not directing a verdict in favor of the defendants:

> The proposition most strenuously advanced [by the appellants] is that the trial judge committed error of law in refusing to direct a verdict of acquittal ... upon the ground that the evidence was insufficient to support a conviction.

*Id.* at 45, 123 S.E. at 765.

The Court applied the following standard of review in considering the appellants' argument:

> ***If there was any evidence adduced tending to establish the guilt of the accused upon the charge laid, neither of the rulings of the trial Judge complained of can, of course, be imputed to him as error of law.*** Our only legitimate inquiry, therefore, is whether there was any competent evidence properly submissible to the jury. If there was, its weight and sufficiency were for the jury....

*Id.* (emphasis added).

Though previous South Carolina courts had recognized the "any evidence" standard,[2] its application in *Rush* was arguably the fountainhead for the modern-day employment of this rule. *See, e.g., State v. Burdette,* 335 S.C. 34, 515 S.E.2d 525 (1999); *State v. Poindexter,* 314 S.C. 490, 431 S.E.2d 254 (1993); *State v. Davis,* 278 S.C. 544, 298 S.E.2d 778 (1983); *State v. Pauling,* 264 S.C. 275, 214 S.E.2d 326 (1975); *State v. Clamp,* 225 S.C. 89, 80 S.E.2d 918 (1954).

---

2. *See, e.g., State v. Williams,* 35 S.C. 344, 14 S.E. 819 (1892).

Several opinions, beginning with the decision in *State v. Matarazzo,* 262 S.C. 662, 207 S.E.2d 93 (1974), provided a variation of this standard:

It is elementary that in deciding whether the court erred in failing to direct a verdict in favor of a defendant in a criminal case the appellate court is required to view the testimony in the light most favorable to the State. When a motion for a directed verdict is made the trial judge is concerned with the existence or non-existence of evidence, not with its weight, and although he should not refuse to grant such motion where the evidence merely raises a suspicion that the accused is guilty, it is his duty to submit the case to the jury, if there is *any evidence, either direct or circumstantial,* which reasonably tends to prove the guilt of the accused or from which guilt may be fairly and logically deduced.

*Id.* at 665–66, 207 S.E.2d at 94–95 (emphasis added) (citation omitted); *see also State v. Crane,* 296 S.C. 336, 372 S.E.2d 587 (1988); *State v. Kimbrell,* 294 S.C. 51, 362 S.E.2d 630 (1987); *State v. Owens,* 291 S.C. 116, 352 S.E.2d 474 (1987); *State v. Mathis,* 287 S.C. 589, 340 S.E.2d 538 (1986); *State v. Irvin,* 270 S.C. 539, 243 S.E.2d 195 (1978); *State v. Massey,* 267 S.C. 432, 229 S.E.2d 332 (1976).

### B. The "Substantial Evidence" Standard

In *State v. Littlejohn,* 228 S.C. 324, 89 S.E.2d 924 (1955), the defendant owned an Upstate restaurant, which contained a second floor. An employee of the defendant lived in a room on the second floor. The police, suspecting violations of the state's alcohol control laws, executed a search of the defendant's premises. Their search included the employee's room. While in the employee's room, the police uncovered four pint bottles and seventeen half-pint bottles of assorted bourbon and blended whiskey. At the time, it was illegal for a person to store or have in his possession, any alcohol in his place of business other than a licensed liquor store. 1952 Code § 4–95. The defendant was charged with violation of the statute and convicted. On appeal, the Supreme Court reviewed the trial judge's denial of the defendant's directed verdict motion:

[O]n a motion for direction of verdict, the trial judge is concerned with the existence or non-existence of evidence,

not with its weight; and, although he should not refuse to grant the motion where the evidence merely raises a suspicion that the accused is guilty, it is his duty to submit the case to the jury if there be *any substantial evidence* which reasonably tends to prove the guilt of the accused, or from which his guilt may be fairly and logically deduced.

*Id.* at 329, 89 S.E.2d at 926 (emphasis added) (citation omitted).

Applying this standard, the Court determined the trial court erred by denying the defendant's motion:

There being no direct evidence of appellant's guilt, the trial judge should have granted his motion for a directed verdict unless the facts and circumstances testified to by the state's witnesses were such that from them his guilt might have been fairly and logically deduced, not merely suspected.

*Id.* at 329–30, 89 S.E.2d at 926.

*Littlejohn* was the first reported case in South Carolina that announced the *"substantial"* standard in relation to the quantum of circumstantial evidence required at the directed verdict stage. Thirty-four years later, *Littlejohn* continued to enjoy the Supreme Court's approbation when it decided *State v. Edwards*, 298 S.C. 272, 379 S.E.2d 888 (1989).

In *Edwards,* the appellant had been convicted for participating in the armed robbery of a car rental agency. The evidence used to convict him was circumstantial. The evidence included, *inter alia:* the appellant was a brother-in-law and known associate of one of the robbers; hairs recovered from a stocking cap discarded by one of the robbers were determined to have originated from the appellant or "from some other Caucasian"; [3] a South Carolina license plate, which was placed by the robbers on a car stolen from the agency contained the appellant's fingerprints; and the stolen car's proper license plates were found in the trunk of a car belonging to the appellant.

At trial, the appellant sought a directed verdict. The trial judge denied the motion and sent the case to the jury. The appellant contended on appeal that the judge's denial of the

---

3.   298 S.C. at 274, 379 S.E.2d at 888.

directed verdict motion was erroneous. The Court, when examining this issue, recalled the previous holding in *Little-john:*

> In determining whether to send the case to the jury on circumstantial evidence, the proper standard to be applied by the [trial] judge is as follows:
>
>> [T]he [trial] judge is concerned with the existence or non-existence of evidence, not its weight; and although he should not refuse to grant the motion where the evidence merely raises a suspicion that the accused is guilty, it is his duty to submit the case to the jury *if there be any substantial evidence which reasonably tends to prove the guilt of the accused, or from which his guilt may be fairly and logically deduced.* [emphasis added].
>
> *Littlejohn,* 89 S.E.2d at 926.

*Id.* at 275, 379 S.E.2d at 889.

The Court determined the accumulated circumstantial evidence was "substantial." The appellant's conviction was affirmed.

Our appellate entities have time and again bottomed and premised their holdings by employing the *Littlejohn* rule, as restated by *Edwards. See, e.g., State v. Mitchell,* 341 S.C. 406, 535 S.E.2d 126 (2000); *State v. Martin,* 340 S.C. 597, 533 S.E.2d 572 (2000); *State v. Prince,* 316 S.C. 57, 447 S.E.2d 177 (1993); *Brown v. State,* 307 S.C. 465, 415 S.E.2d 811 (1992); *State v. Williams,* 303 S.C. 274, 400 S.E.2d 131 (1991); *State v. Stokes,* 299 S.C. 483, 386 S.E.2d 241 (1989); *State v. Wakefield,* 323 S.C. 189, 473 S.E.2d 831 (Ct.App.1996).

## C. The "Any Direct Evidence or Substantial Circumstantial Evidence" Standard

In articulating its scope of review in *State v. Venters,* 300 S.C. 260, 387 S.E.2d 270 (1990), the Supreme Court amalgamated the language of the various standards present in the case law:

> In reviewing a denial of a motion for a directed verdict, the evidence must be reviewed in the light most favorable to the State and if there is *any direct or any substantial circumstantial evidence,* reasonably tending to prove the guilt of the accused, we must find that such issues were properly to

be decided by the jury. *State v. Stokes*, 299 S.C. 483, 386 S.E.2d 241 (S.C.1989); *State v. Edwards*, 298 S.C. 272, 379 S.E.2d 888 (1989); *State v. Irvin*, 270 S.C. 539, 243 S.E.2d 195 (1978).

*Id.* at 264, 387 S.E.2d at 272–73 (emphasis added).

Subsequent courts have adopted this language. *See, e.g., State v. McHoney*, 344 S.C. 85, 544 S.E.2d 30 (2001); *State v. Lollis*, 343 S.C. 580, 541 S.E.2d 254 (2001); *State v. Pinckney*, 339 S.C. 346, 529 S.E.2d 526 (2000); *State v. Johnson*, 334 S.C. 78, 512 S.E.2d 795 (1999); *State v. Patterson*, 337 S.C. 215, 522 S.E.2d 845 (Ct.App.1999).

## D. Survey of Other Jurisdictions Relating to the Definition of "Substantial"

A conundrum exists in the criminal case law of South Carolina: the term "substantial"—as it relates to the scope of review for directed verdict motions—has never been defined. As a result, judges at both the trial and appellate levels have created their own definitions when addressing a directed verdict motion. Courts in other jurisdictions have extensively addressed the subject of directed verdict motions and the *"substantial"* evidence requirement.

### Arizona

The trial court shall enter a judgment of acquittal (*i.e.*, directed verdict) if there is no substantial evidence to warrant a conviction. *Arizona v. Ritacca*, 169 Ariz. 401, 819 P.2d 987 (App.1991). " *'Substantial evidence' is 'evidence that would convince an unprejudiced thinking mind of the truth of the fact to which the evidence is presented.'* " *Arizona v. Rodriquez*, 186 Ariz. 240, 921 P.2d 643, 648 (1996) (citation omitted) (emphasis added). "If reasonable [persons] may fairly differ as to whether certain evidence establishes a fact in issue, then such evidence must be considered as substantial." *Arizona v. Tison*, 129 Ariz. 546, 633 P.2d 355, 362 (1981) (citation omitted).

### Arkansas

A motion for directed verdict in the criminal trial setting is a challenge to the sufficiency of the state's evidence against the accused. *Smith v. Arkansas*, 68 Ark.App. 106, 3 S.W.3d

712 (1999). The test is whether there was substantial evidence to support the verdict. *Pettigrew v. Arkansas*, 64 Ark.App. 339, 984 S.W.2d 72 (1998). ***"Substantial evidence is evidence that is of sufficient certainty and precision that is compels a conclusion one way or another."*** *Cox v. Arkansas*, 345 Ark. 391, 47 S.W.3d 244, 248 (2001) (emphasis added) (citation omitted); *see also Mulkey v. Arkansas*, 330 Ark. 113, 952 S.W.2d 149, 151 (1997) (stating ***"[S]ubstantial evidence must be forceful enough to compel a conclusion one way or the other beyond suspicion and conjecture."***) (quoting *Williams v. Arkansas*, 325 Ark. 432, 930 S.W.2d 297, 299 (1996)) (emphasis added). The appellate tribunal does not weigh the evidence presented at trial. *Wilson v. Arkansas*, 332 Ark. 7, 962 S.W.2d 805 (1998). In determining whether the evidence is substantial to support a conviction, the reviewing court views the evidence in the light most favorable to the State. *Akins v. Arkansas*, 330 Ark. 228, 955 S.W.2d 483 (1997).

### Mississippi

*Weeks v. Mississippi*, 493 So.2d 1280 (Miss.1986), outlines the standard in the Magnolia State for determining whether a directed verdict should have been granted to the defendant:

If the facts and inferences so considered point in favor of the defendant with sufficient force that reasonable men could not have found beyond a reasonable doubt that the defendant was guilty, granting the [dismissal motion] is required. ***On the other hand, if there is substantial evidence opposed to the request or motion—that is, evidence of such quality and weight that, having in mind the beyond a reasonable doubt burden of proof standard, reasonable fair minded men in the exercise of impartial judgment might reach different conclusions—the request or motion should be denied.***

*Id.* at 1282 (emphasis added) (citation omitted), *quoted in Turner v. Mississippi*, 726 So.2d 117, 124–25 (Miss.1999).

### New Mexico

The question presented by a directed verdict motion is whether there was substantial evidence to support the charge. *New Mexico v. Maestas*, 92 N.M. 135, 584 P.2d 182 (Ct.App.

1978). *"Substantial evidence ... is defined as that evidence which is acceptable to a reasonable mind as adequate support for a conclusion."* *New Mexico v. Sparks,* 102 N.M. 317, 694 P.2d 1382, 1385 (Ct.App.1985) (emphasis added) (citation omitted). Evidence supporting a conviction may be direct or circumstantial. *State v. Sutphin,* 107 N.M. 126, 753 P.2d 1314 (1988). The appellate court views the evidence in the light most favorable to the State, resolving all conflicts in the evidence and indulging all permissible inferences to be drawn from it in favor of the verdict. *New Mexico v. Dominquez,* 115 N.M. 445, 853 P.2d 147 (Ct.App.1993). The reviewing tribunal does not *weigh* the evidence. *Id.* (emphasis added).

### E. Weighing Evidence or Determining the Existence of Evidence

As a rule, *the trial court is concerned with the existence of evidence rather than its weight in ruling on a motion for a directed verdict.* *E.g., State v. Spann,* 279 S.C. 399, 308 S.E.2d 518 (1983). There is a marked distinction, however, between the jury's "weighing of the evidence" and a trial court's establishing whether the State's evidence is sufficient to send the case to the jury. The concurring opinion in *Utah v. Thatcher,* 108 Utah 63, 157 P.2d 258 (1945), clearly explains the difference:

> It is common place in our system of jurisprudence that the court decides only questions of law and the jury questions of fact. Each has its judging functions and each is an equally important department of the judicial institution we call the court. Neither is supposed to trespass in the province of the other. This is so fundamental that no authority need be cited for it. In this case[,] it is requisite that we determine the line separating the functions of each. Ordinarily we say that it is for the jury and not the court to 'weigh' the evidence. *That means that where there is any substantial evidence to go to the jury in favor of both sides it must go to the jury so that the jury may put all the evidence for one party on one scale and balance it against the evidence for the other party placed on the other scale.*
>
> . . . .

The judge has very little to do with this process. *He determines whether offered testimony has any probative force, i.e., whether it tends to prove or disprove an element of the case and according to that judgment he admits or rejects it.* Once admitted[,] it is for the jury.

. . . .

There are, of course, situations under which the case should not be submitted to a jury. One of these would be where there was no substantial evidence (and that does not mean a substantial amount of evidence but substantial in the sense of having substance). Perhaps also in the rare case where there can be no doubt that testimony of all witnesses as to one or more essential elements in the case appears from the record to be so inherently improbable that no reasonable man could give weight to it the case could be taken from the jury. But 'mere contradictions of the testimony of a witness will not suffice to constitute inherent improbability or to destroy its weight' so as to justify a court in disregarding such testimony.

*Id.* at 263–64 (emphasis added) (citations omitted).

When faced with a directed verdict motion concerning circumstantial evidence, our trial judges have been guided by the "substantial" standard, in one form or the other, for decades. Proper application of this standard requires a determination of whether the state has presented evidence that reasonably supports every element of a charged crime. This determination *does not* constitute a "weighing of the evidence." To state that it does or otherwise articulate a standard that invokes a deviation from the well-established roles and responsibilities of the trial judge and jury in the criminal setting fosters an unnecessary imbroglio for the bench and bar.

### III. Circumstantial Evidence Jury Charge

### A. Etymology of the Application of Circumstantial Evidence in the Criminal Trial Setting: From *Webster* to *Holland* to *Grippon*

#### 1. *Massachusetts v. Webster*

In late 1849, Dr. George Parkman, a professor of medicine at Harvard, vanished mysteriously from his home. A week

after his disappearance, his dismembered body was found. No one witnessed the killing; however, numerous circumstances led the authorities to arrest Dr. John W. Webster, a colleague of Dr. Parkman. Dr. Webster was tried by a jury before the Supreme Judicial Court of Massachusetts. Using the circumstantial evidence as the sole proof of Dr. Webster's involvement, the prosecution secured the defendant's conviction.

In his opinion on behalf of the court, Chief Justice Shaw penned what would become an enduring elucidation on the treatment of circumstantial evidence by a jury in the criminal trial setting:

This case is to be proved, if proved at all, by circumstantial evidence.... It becomes important, therefore, to state what circumstantial evidence is; to point out the distinction between that and positive or direct evidence....

The distinction ... between direct and circumstantial evidence, is this. Direct or positive evidence is when a witness can be called to testify to the precise fact which is the subject of the issue on trial; that is, ... that the party accused did [commit the crime charged]. Whatever may be the kind or force of the evidence, this is the fact to be proved. But suppose no person was present on the occasion of the [crime], and of course that no one can be called to testify to it; is it wholly unsusceptible of legal proof? Experience has shown that circumstantial evidence may be offered ... that is, that a body of facts may be proved of so conclusive a character, as to warrant a firm belief of the fact, quite as strong and certain as that on which discreet men are accustomed to act, in relation to their most important concerns. It would be injurious to the best interests of society, if such proof could not avail in judicial proceedings.

....

... [I]n a case of circumstantial evidence where no witness can testify directly to the fact to be proved, it is arrived at by a series of other facts, which by experience have been found so associated with the fact in question, that in the relation of cause and effect, they lead to a satisfactory and certain conclusion.... Circumstantial evidence, therefore, is founded on experience and observed facts and

coincidences, establishing a connection between the known and proved facts and the fact sought to be proved. The advantages are, that, as the evidence commonly comes from several witnesses and different sources, a chain of circumstances is less likely to be falsely prepared and arranged, and falsehood and perjury are more likely to be detected and fail of their purpose. The disadvantages are, that a jury has not only to weigh the evidence of facts, but to draw just conclusions from them; in doing which, they may be led by prejudice or partiality, or by want of due deliberation and sobriety of judgment, to make hasty and false deductions; a source of error not existing in the consideration of positive evidence.

. . . .

Another rule is, that the circumstances taken together should be of a conclusive nature and tendency, leading on the whole to a satisfactory conclusion, and producing in effect a reasonable and moral certainty, that the accused, and no one else, committed the offence charged. It is not sufficient that they create a probability, though a strong one; and if, therefore, assuming all the facts to be true which the evidence tends to establish, they may yet be accounted for upon any hypothesis which does not include the guilt of the accused, the proof fails. *It is essential, therefore, that the circumstances taken as a whole, and giving them their reasonable and just weight, and no more, should to a moral certainty exclude every other hypothesis.* The evidence must establish the *corpus delicti,* as it is termed, or the offence committed as charged. . . . This is to be proved beyond reasonable doubt.

*Massachusetts v. Webster,* 59 Mass. 295, 310–20 (1850) (emphasis added); *see also* Alexander M. Burrill, *A Treatise on the Nature, Principles and Rules of Circumstantial Evidence* 737 (1856) (presenting the rule for the "More Certain Attainment of Truth in the Conclusion or Verdict, and for the Avoidance of Error and Consequent Injustice to the Accused": "Rule I. The evidence against the accused must be such as to exclude to a moral certainty, every hypothesis but that of his guilt of the offence imputed to him."); William Wills, *An Essay on the Principles of Circumstantial Evidence* 189(Fred B. Rothman & Co. ed.1981) (defining the "Rules of Induction

Specially Applicable to Circumstantial Evidence": "Rule 4—In order to justify the inference of guilt, the inculpatory facts must be incompatible with the innocence of the accused, and incapable of explanation upon any other reasonable hypothesis other than that of his guilt.").

Courts throughout the republic, both federal and state, adopted the view expounded within *Webster* that juries be instructed—when applicable—that circumstantial evidence must exclude every "reasonable hypothesis" other than that of guilt. Irene Merker Rosenberg & Yale L. Rosenberg, *"Perhaps What Ye Say is Based only on Conjecture"—Circumstantial Evidence, Then and Now*, 31 Hous. L.Rev. 1371 (1995).

Examination of the case law published in South Carolina in the years following *Webster* reveals the acceptance and continual application of the "reasonable hypothesis" rule. *See, e.g., State v. Kimbrell*, 191 S.C. 238, 4 S.E.2d 121 (1939); *State v. Langford*, 74 S.C. 460, 55 S.E. 120 (1906); *State v. Hudson*, 66 S.C. 394, 44 S.E. 968 (1903); *State v. Cannon*, 49 S.C. 550, 27 S.E. 526 (1897); *State v. Aughtry*, 49 S.C. 285, 26 S.E. 619 (1897); *State v. Atkinson*, 40 S.C. 363, 18 S.E. 1021 (1894); *State v. Haines*, 36 S.C. 504, 15 S.E. 555 (1892); *State v. Milling*, 35 S.C. 16, 14 S.E. 284 (1892); *State v. Stewart*, 26 S.C. 125, 1 S.E. 468 (1887); *State v. Anderson*, 20 S.C. 581 (1884).

In the modern era, the leading case that guided trial judges for years in this state was *State v. Littlejohn*, 228 S.C. 324, 89 S.E.2d 924 (1955). In addition to its holding concerning the proper standard for review of a directed verdict motion in a circumstantial evidence case, the *Littlejohn* Court additionally annunciated the rule governing conviction based on circumstantial evidence:

[E]very circumstance relied upon by the State be proven beyond a reasonable doubt; and . . . all of the circumstances so proven be consistent with each other and taken together, point conclusively to the guilt of the accused to the exclusion of every other reasonable hypothesis. It is not sufficient that they create a probability, though a strong one and if, assuming them to be true they may be accounted for upon

any reasonable hypothesis which does not include the guilt of the accused, the proof has failed.

*Id.* at 328, 89 S.E.2d 924, 926 (1955), *quoted in State v. Edwards,* 298 S.C. 272, 275, 379 S.E.2d 888, 889 (1989).

## 2. *Holland v. United States* and Its Legacy

Recognition of the *Webster* rule in the federal courts, however, ended with the United States Supreme Court's decision in *Holland v. United States,* 348 U.S. 121, 75 S.Ct. 127, 99 L.Ed. 150 (1954). In *Holland,* the federal government prosecuted a husband and wife for willful evasion of income tax. The government based its case upon the "net worth" method of proof. The Court had previously approved use of this tactic in cases against gangsters and known criminals, thereby allowing the government to establish "taxable income from undisclosed sources when all other efforts failed." Irene Merker Rosenberg & Yale L. Rosenberg, *"Perhaps What Ye Say is Based only on Conjecture"—Circumstantial Evidence, Then and Now,* 31 Hous. L.Rev. 1371, 1392–93 (1995). Use of this method at trial involved the introduction of circumstantial evidence.

On appeal, the husband and wife averred, *inter alia,* the federal district court erred when it did not give the "reasonable hypothesis" instruction when the jury was charged. The Supreme Court, however, did not agree:

[The husband and wife] press upon us, finally, the contention that the instructions of the trial court were so erroneous and misleading as to constitute grounds for reversal. We have carefully reviewed the instructions and cannot agree. But some require comment. The petitioners assail the refusal of the trial judge to instruct that where the Government's evidence is circumstantial it must be such as to exclude every reasonable hypothesis other than that of guilt. There is some support for this type of instruction in the lower court decisions ... *but the better rule is that where the jury is properly instructed on the standards for reasonable doubt, such an additional instruction on circumstantial evidence is confusing and incorrect....*

Circumstantial evidence in this respect is intrinsically no different from testimonial evidence. Admittedly, circum-

stantial evidence may in some cases point to a wholly incorrect result. Yet this is equally true of testimonial evidence. In both instances, a jury is asked to weigh the chances that the evidence correctly points to guilt against the possibility of inaccuracy or ambiguous inference. In both, the jury must use its experience with people and events in weighing the probabilities. *If the jury is convinced beyond a reasonable doubt, we can require no more.*

*Id.* at 139–40, 75 S.Ct. at 137–38.

By and large, the states did not follow the precedent established by *Holland* until the Supreme Court "constitutionalized" the reasonable doubt standard in *In re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970).[4] Rosenberg & Rosenberg, *supra*, at 1397. In essence, *In re Winship* articulated the constitutional parameters for the protection of defendants with respect to the sufficiency of the evidence. *Id.* Consequently, many states began to abandon the "reasonable hypothesis" instruction. *Id.* Today, a majority of states recognize the *Holland* rule. *Id.* at 1400; Carol J. Miller, Annotation, *Modern Status of Rule Regarding the Necessity of Instruction on Circumstantial Evidence in Criminal Trial—State Cases*, 36 A.L.R.4th 1046 (1985 & Supp.2000).

### 3. *State v. Grippon:* South Carolina Embraces the *Holland* Rule

With the filing of *State v. Grippon*, 327 S.C. 79, 489 S.E.2d 462 (1997), South Carolina joined the legion of jurisdictions

---

4. *See* 397 U.S. at 361–64, 90 S.Ct. at 1071–73 for the Court's analysis of the constitutionality of the reasonable doubt standard:

The requirement that guilt of a criminal charge be established by proof beyond a reasonable doubt dates at least from our early years as a Nation.

. . . .

Expressions in many opinions of this Court indicate that it has long been assumed that proof of a charge beyond a reasonable doubt is constitutionally required. *See,* for example, . . . *Holland v. United States* [citation omitted] . . . .

. . . .

Lest there remain any doubt about the constitutional stature of the reasonable-doubt standard, we explicitly hold that the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged.

that have adopted the holding in *Holland* relating to the handling of circumstantial evidence at the jury charge stage.

Grippon asked the trial court to instruct the jury on circumstantial evidence. During his charge, the judge omitted the phrase "to the exclusion of every other reasonable hypothesis." The court determined this phrase impermissibly shifted the burden of proof from the State to the accused. The judge did, however, define "reasonable doubt" and repeated throughout his charge that reasonable doubt was the required standard of proof.

On appeal, Grippon asserted the trial court erred by deleting the phrase "to the exclusion of every other reasonable hypothesis." The Supreme Court held the trial judge's instructions as a whole adequately conveyed the level of proof required to find Grippon guilty. Further, and more significantly, the *Grippon* Court stated the better rule regarding the jury charge in a circumstantial evidence case was the one posited in *Holland:*

> In *Holland,* the Court held, if a proper reasonable doubt instruction is given, a jury need not be instructed that the circumstantial evidence must be so strong as to exclude every reasonable hypothesis other than guilt.
>
> . . . .
>
> Therefore, in a criminal case relying in whole or in part on circumstantial evidence, once a proper reasonable doubt instruction is given, we *recommend* the jury be instructed as follows:
>
> > There are two types of evidence which are generally presented during a trial—direct evidence and circumstantial evidence. Direct evidence is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness. Circumstantial evidence is proof of a chain of facts and circumstances indicating the existence of a fact. The law makes absolutely no distinction between the weight or value to be given to either direct or circumstantial evidence. Nor is a greater degree of certainty required of circumstantial evidence than of direct evidence. You should weigh all the evidence in the case. After weighing all the evidence, if you are not

convinced of the guilt of the defendant beyond a reasonable doubt, you must find [the defendant] not guilty.

*Id.* at 83–84, 489 S.E.2d at 464 (emphasis added) (citation omitted).

Notwithstanding the *Grippon* Court's adoption of the *Holland* rule, the "reasonable hypothesis" instruction remains proper. *State v. Graddick*, 345 S.C. 383, 548 S.E.2d 210, 212 (2001) ("*Grippon* did not invalidate the traditional circumstantial evidence charge.") (citation omitted).

## B. Defenses of the "Reasonable Hypothesis" Instruction

### 1. The "Bandwagon Effect"

In the concurring opinion in *Grippon*, Chief Justice Toal, then an Associate Justice, strenuously disagreed with the majority's adoption of *Holland*. While recognizing amendments to the language of the traditional "circumstantial evidence" jury charge had occurred within recent years,[5] she contended the Supreme Court never concluded the phrase "to the exclusion of every other reasonable hypothesis" was unconstitutional.

The concurring opinion based its support for the continuation of the "reasonable hypothesis" language as a required instruction in circumstantial evidence cases, in large part, upon the analysis of Professors Irene and Yale Rosenburg in their 1995 Houston Law Review article, *"Perhaps What Ye Say is Based only on Conjecture"—Circumstantial Evidence, Then & Now.*[6] As related within the concurring opinion, the Rosenbergs intensely criticized the interpretation of the *Holland* opinion by the states and the federal circuits. According to the authors, the adoption of *Holland* by many jurisdictions is the product of a "bandwagon effect." In other words, courts have drastically altered the laws regarding the treatment of circumstantial evidence in the criminal trial setting

---

5. *See id.* at 84, 489 S.E.2d at 465 (citing *State v. Raffaldt*, 318 S.C. 110, 456 S.E.2d 390 (1995) and *State v. Manning*, 305 S.C. 413, 409 S.E.2d 372 (1991), *impliedly overruled on other grounds by State v. Aleksey*, 343 S.C. 20, 538 S.E.2d 248 (2000)). In *Raffaldt* and *Manning*, the Supreme Court disapproved of circumstantial evidence charges that required the jury "to seek" explanations for the circumstantial evidence.

6. 31 Hous. L.Rev. 1371.

with little or no meaningful analysis or discussion. They have, in essence, joined the pack because everyone else has.

## 2. Interpreting *Holland* in a Vacuum

A careful reading of *Holland*, *in its entirety,* reveals there are a great many facts and difficult legal principles involved that make it a unique case. Consequently, the argument exists that the broad interpretation and application of the *Holland* rule by the states and federal circuits oversteps the intentions of the Supreme Court (*i.e.,* the Court intended the holding to be applied in a limited manner):

Although *Holland* is usually cited broadly for the proposition that a reasonable doubt instruction obviates the need to give the jury a cautionary circumstantial evidence charge, those relying on it often fail to discuss other significant aspects of the Court's opinion, including the Justices' declaration that the net worth method "involve(s) something more than the ordinary use of circumstantial evidence in the usual criminal case" and "is so fraught with danger for the innocent that the courts must closely scrutinize its use."

Rosenberg & Rosenberg, *supra,* at 1393 (footnotes omitted).

The Rosenbergs continue with the suggestion that the Supreme Court never intended its holding in *Holland* to have such a pervasive effect on criminal trials involving circumstantial evidence:

[T]he Court believed that proof under the net worth method was far more dangerous than most circumstantial evidence, and because of these risks, the Justices placed strict limitations on net worth prosecutions. At the same time, despite these dangers, the Court eliminated the cautionary instruction. That being the case, it may be argued that if the Court was willing to reject a demand for the cautionary charge in a class of prosecutions in which the use of such evidence posed special dangers to defendants who might be innocent, a fortiori such instructions are unnecessary with respect to garden variety common law crimes in which such dangers are less acute or nonexistent. Moreover, it may be contended that the limitations imposed on the use of circumstantial evidence relate only to net worth determinations in willful tax evasion actions, and therefore it is appropriate to apply them only in such cases. Given the broad language

used by the Court in establishing parity between direct and circumstantial evidence and in abolishing the cautionary instruction even in extreme situations, and given its largely fact specific limitations, this may be the more likely, or at least a more straightforward, reading of the *Holland* opinion.

*Id.* at 1395 (footnotes omitted).

### C. The Calculus of a Jury Verdict and the Necessity for the "Reasonable Hypothesis" Instruction

If jurors are to decide cases according to law, then the instructions they are given become critical to justice. Amiram Elkwork *et al.*, "Toward Understandable Jury Instructions," in *In the Jury Box* 162 (Lawrence Wrightman *et al.* eds., 1987). While neither circumstantial nor direct evidence is recognized as better or more credible, they are indisputably different animals; therefore, the necessity for particularized instruction regarding each principle during the jury charge is obvious. Courts in other jurisdictions have concluded as such.

In *New York v. Kennedy*, 47 N.Y.2d 196, 417 N.Y.S.2d 452, 391 N.E.2d 288 (1979), the Court of Appeals considered whether the evidence sufficiently supported Kennedy's conviction. In reaching its decision, the court discussed the entanglements in logic and reason that circumstantial evidence may create for criminal trial juries:

It has long been the law in this State that a criminal conviction based upon circumstantial evidence is subject to strict judicial scrutiny. This is so not because circumstantial evidence is any less reliable than direct evidence, for each of the two types of evidence is subject to certain inherent weaknesses. Indeed, there is much to be said for the argument that direct testimony may often be of more dubious value, as is indicated by the extensive literature on the lack of reliability of eyewitness testimony as well as the often expressed judicial concern with the problem of impermissibly suggestive identification procedures. ***Rather, cases involving circumstantial evidence must be closely reviewed because they often require the jury to undertake a more complex and problematical reasoning process than do cases based on direct evidence.*** In the latter situation, the jury is normally concerned primarily with assessing the credibility of witnesses, a role for which the

jury is superbly suited. *Where, however, the defendant's guilt is to be proven, if at all, by circumstantial evidence only, the jury must attempt a careful and close analysis of the evidence and determine what inferences can and should be drawn not merely from each separate piece of evidence, but from the whole complex of interrelated information which is presented in evidence.* This is not to suggest, of course, that a jury need not carefully analyze the evidence in a case based on direct evidence. However, in such a case, the jury has less need to depend on inference, and is more likely to be faced with the relatively less complex, although no less difficult task of determining which witnesses are telling the truth. *In a circumstantial evidence case, in contradistinction, the reasoning process tends to be more complex, and is thus more subject to error. Hence, close judicial supervision is necessary to ensure that the jury does not make inferences which are based not on the evidence presented, but rather on unsupported assumptions drawn from evidence equivocal at best. Careful review of such cases is needed to decrease "a danger legitimately associated with circumstantial evidence that the trier of facts may leap logical gaps in the proof offered and draw unwarranted conclusions based on probabilities of low degree."*

*Id.* at 290–91 (emphasis added) (citations omitted).

In *New York v. Ford,* 66 N.Y.2d 428, 497 N.Y.S.2d 637, 488 N.E.2d 458 (1985), the Court of Appeals edified:

[In the instant case,] although the charge informed the jury that as between two permissible inferences defendants were entitled to the one consistent with innocence and that the People must prove every element of a crime beyond a reasonable doubt, the former was part of the general introductory portion of the charge concerning inferences and the latter was given in a discussion of weighing proof. *Neither was directly related, as it should have been, to the "complex and problematical reasoning process necessarily undertaken in cases of purely circumstantial evidence."*

*Id.* at 465 (emphasis added) (citations omitted).

In *Idaho v. Holman,* 109 Idaho 382, 707 P.2d 493 (Ct.App. 1985), the trial court refused to give a "reasonable hypothesis"

instruction in its charge to the jury. The appellate court reversed, holding Idaho precedent mandated the trial court's issuance of the requested charge:

> As *[State v.] Holder* [,100 Idaho 129, 594 P.2d 639 (Idaho 1979),] ... [makes] clear, failure to give a "reasonable hypothesis" instruction, when warranted by the evidence, is reversible error. Here, the evidence of Holman's burglary of the Moyie store was wholly circumstantial. None of the trial court's instructions on reasonable doubt explicitly informed the jury that the evidence must exclude every "reasonable hypothesis" other than guilt. Consequently, the case law impels us to hold that the jury was not adequately instructed.
>
> The state does not dispute the clear message of the case law. Rather, the state asks us—and ultimately may ask the Supreme Court—to reverse the trend of these cases. The state would have us hold that a "reasonable hypothesis" instruction violates the equal dignity of direct and circumstantial evidence, and that it constitutes an improper judicial comment upon the weight of the evidence.

*Id.* at 501.

The court concluded its analysis of the issue with its affirmation of the significance of the "reasonable hypothesis" instruction:

> [W]e are not persuaded [by the State's argument]. *A "reasonable hypothesis" instruction imparts specific meaning to the concept of reasonable doubt, when applied to circumstantial evidence. It does not increase the state's burden of proof; it simply makes the burden clearer. This sharpened clarity does not strike us as inappropriate when the difference between conviction or acquittal turns upon the inferences a jury chooses to draw.*

*Id.*[7]

## D. A Suggested Circumstantial Evidence Jury Charge

For seventeen years as a circuit judge, I instructed juries on the law of the case. As a matter of conscience, I feel the

---

7. The decision in *Holman* was founded upon the Idaho Supreme Court's decision in *Idaho v. Holder,* 100 Idaho 129, 594 P.2d 639

trial jury should be given a full and complete statement of the principles of law or procedure involved in the case. Circumstantial evidence cries out for a broad presentation to the fact finder. I do not believe justice is served by truncating the instruction. Understanding full well that my writing has little or no efficacy, I respectfully suggest a circumstantial evidence charge:

There are two kinds of evidence: direct evidence and circumstantial evidence:

"Direct evidence" is the testimony of a person who claims to have actual knowledge of a fact. It is evidence based on actual knowledge and proves a fact without inference or presumption. It is when a witness can be called to testify to the precise fact that is the subject of the issue on trial. Direct evidence immediately establishes the main fact to be proved. It is essentially evidence you could see, observe, or hear with your senses.

"Circumstantial evidence" does not tend to immediately prove a fact in issue; however, it does give rise to a legal inference that such a fact does exist. It means the proof of a chain of facts and circumstances indicating the existence of a fact that demonstrates an element of the crime charged. Circumstantial evidence immediately establishes secondary facts from which the main fact may be inferred, and is typically characterized by inference or presumption. It is not something that one observes; but from facts one can draw a conclusion. Circumstantial evidence is just as competent or capable of proving a fact in issue as is direct evidence.

Violation of the law may be proved by: direct evidence; circumstantial evidence; or a combination of direct evidence and circumstantial evidence.

Circumstantial evidence is permissible, provided it meets the legal test. To the extent that the state relies on circum-

---

(1979), and its progeny. *Holder* was recently overruled in *Idaho v. Humpherys*, 134 Idaho 657, 8 P.3d 652 (2000). Idaho became a jurisdiction that recognizes the *Holland* rule. Notwithstanding the demise of *Holder*, Judge Burnett's writing in *Holman* remains an eloquent and forceful defense of the proposition that the "reasonable hypothesis" instruction is a necessary additive to the circumstantial evidence charge.

stantial evidence, the state must prove all the circumstances relied upon beyond a reasonable doubt. The circumstances relied upon by the state must be wholly and in every particular perfectly consistent with one another. The circumstances must point conclusively—that is, to a moral certainty—to the guilt of the accused to the exclusion of every other reasonable hypothesis. In other words, the circumstances relied upon by the state must be absolutely inconsistent with any other reasonable hypothesis than the guilt of the accused.

The reason for the preceding principle is that all presumptions of law, independent of evidence, are in favor of innocence. Every person is presumed innocent until he is proved guilty beyond a reasonable doubt. One cannot be convicted on suspicion, however strong that suspicion may be.

The law makes absolutely no distinction between the *weight* or *value* to be given to either direct or circumstantial evidence. Nor is a greater degree of certainty required of circumstantial evidence than of direct evidence. You should weigh all the evidence in the case. After weighing all the evidence, if you are not convinced of the guilt of the defendant beyond a reasonable doubt, you must find the defendant not guilty.

## CONCLUSION

Based on the foregoing, I vote to **AFFIRM** the trial judge's denial of the defendant's motion for directed verdict.

I vote to **REVERSE** the trial judge on the issue of the circumstantial evidence charge. I hold the defendant is entitled to a jury charge on circumstantial evidence as proposed herein.

In conclusion, I vote to **REVERSE AND REMAND** for a new trial.

HOWARD, J., (concurring and dissenting):

Judge Stilwell's opinion concludes the circumstantial evidence reasonably tended to prove Cherry's intent to distribute, and the trial judge properly denied the motion for directed verdict. I respectfully disagree and would reverse the conviction. Judge Stilwell's opinion also concludes the recom-

mended jury charge from *State v. Grippon*[8] was legally suffi-
cient, and the trial judge did not err in refusing the more
extensive circumstantial evidence charge approved in *State v.
Edwards.*[9] I agree with Judge Stilwell on this point and
concur in that portion of his opinion.

## Directed Verdict

Cherry asserts the State failed to present any direct or
substantial circumstantial evidence to establish that he intend-
ed to distribute the crack cocaine. I agree.

When construing a motion for directed verdict in a criminal
case, the trial court is concerned with the existence or nonexis-
tence of evidence, and not its weight. *State v. Mitchell,* 341
S.C. 406, 409, 535 S.E.2d 126, 127 (2000). A defendant is
entitled to a directed verdict when the State fails to produce
evidence of the charged offense. *State v. Lollis,* 343 S.C. 580,
584, 541 S.E.2d 254, 256 (2001). "On appeal from the denial of
a directed verdict, this Court must view the evidence in the
light most favorable to the State." *Id.* at 583, 541 S.E.2d at
256.

If the State relies exclusively on circumstantial evidence to
prove the offense, "[t]he trial judge is required to submit the
case to the jury if there is any substantial evidence which
reasonably tends to prove the guilt of the accused, or from
which his guilt may be fairly and logically deduced." *Id.,* at
584, 541 S.E.2d at 256 (quoting *Mitchell,* 341 S.C. at 409, 535
S.E.2d at 127). Evidence which merely raises a suspicion of
guilt is not sufficient to survive a motion for directed verdict.
*State v. Martin,* 340 S.C. 597, 533 S.E.2d 572 (2000). " 'Suspi-
cion' implies a belief or opinion as to guilt based upon facts or
circumstances which do not amount to proof." *Lollis,* 343 S.C.
at 584, 541 S.E.2d at 256.

The State's case depended entirely upon circumstantial
evidence. This evidence [10] included the following: 1) Cherry's

---

**8.** 327 S.C. 79, 489 S.E.2d 462 (1997).

**9.** 298 S.C. 272, 379 S.E.2d 888 (1989).

**10.** This evidence does not include the handgun. The trial judge ruled
the handgun was not attributable to Cherry and specifically excluded it
from consideration during the directed verdict motion. Furthermore,

arrest occurred late at night; 2) Cherry had a small bag containing approximately eight rocks of crack cocaine; 3) Cherry had no pipe or other drug paraphernalia which would indicate the crack cocaine was for his personal use; 4) Cherry had $322 in cash, mostly in twenty dollar bills; and 5) The arresting officer testified a single rock of crack cocaine is typically sold for twenty dollars.

In cases where the defendant possesses more than one gram of crack cocaine, there is a permissible statutory inference of intent to distribute. S.C.Code Ann. § 44–53–375 (Supp.2000). In the present case, the State could not rely on this statutory inference. *See State v. Simpson,* 275 S.C. 426, 272 S.E.2d 431 (1980). However, "[p]ossession of *any* amount of controlled substance when coupled with sufficient indicium of intent to distribute will support a conviction for possession with intent to distribute." *State v. Goldsmith,* 301 S.C. 463, 466, 392 S.E.2d 787, 788 (1990) (stating that "[p]roof of possession of drug paraphernalia is sufficient indicia of intent to distribute" where marijuana, cocaine, marijuana seeds, scales and other drug paraphernalia were found by police); *State v. Adams,* 291 S.C. 132, 134, 352 S.E.2d 483, 485 (1987) (stating "that evidence of various drug paraphernalia and residue of controlled substances was sufficient to submit the case to the jury").

The circumstantial evidence in this case is not substantial and merely raises a suspicion of guilt. The crack cocaine was not packaged in individual bags. The police found no scales or other drug paraphernalia used for distribution. There was no testimony to establish that eight rocks of crack cocaine weighing less than one gram are more than a user would likely purchase and possess at one time. In short, the evidence does not reasonably tend to prove Cherry intended to distribute crack cocaine. It merely raises a suspicion of such an intent. For this reason, I would rule that the trial judge erred in

---

even if the judge had considered it, no evidence was presented from which the jury could infer an intent to distribute the crack cocaine, as opposed to simply possessing it for personal use. *See State v. Kimbrell,* 294 S.C. 51, 55, 362 S.E.2d 630, 632 (1987) (ruling presence of handgun relevant and admissible to establish possession of cocaine, because a jury "could well have inferred that [defendant] was using the pistol for protection of the cocaine").

failing to grant a directed verdict of acquittal on the possession of crack cocaine with the intent to distribute charge.[11]

### Circumstantial Evidence Instruction

Cherry also argues that the *Edwards* charge, which includes an instruction that the circumstantial evidence in a case of this type must exclude every other reasonable hypothesis but guilt, is still a proper statement of the law. He contends it was reversible error to refuse the charge because he specifically requested it.

The foundation for this argument is that the *Grippon* charge, which does not include the "exclusion of every other reasonable hypothesis" language of *Edwards,* is not functionally equivalent to the *Edwards* charge. This foundation is a necessary linchpin for Cherry's position because a charge must be read as a whole, and if it adequately expresses the required principles, there is no harm by the failure to include the specific language requested. *State v. Hughey,* 339 S.C. 439, 450, 529 S.E.2d 721, 727 (2000), *cert. denied,* 531 U.S. 946,

---

11. In his concurring opinion, Judge Goolsby incorrectly characterizes my analysis as "weighing" the evidence. This is the standard criticism of those who would surrender the obligation of the court to make the threshold determination that the evidence is sufficient to support a conviction and would take refuge, instead, in the "good common sense" of jurors. Unfortunately, jurors are only human, and are subject to the normal vagaries of life, including basing decisions on emotion and preconceived ideas. As our Supreme Court noted, properly instructing the jury is not a sufficient procedural safeguard against improper verdicts based upon matters outside of the evidence. *See Jackson v. Virginia,* 443 U.S. 307, 318, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) ("After *Winship* the critical inquiry on review of sufficiency of the evidence to support a criminal conviction must be not simply to determine whether the jury was properly instructed, but to determine whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt.").

The question presented is whether the evidence is *capable* of supporting the conviction, employing reason and logic, should the jury choose to believe all or a portion of it. There is no "weighing" of the evidence involved. Indeed, the evidence and all inferences must be viewed in a light most favorable to the State. But if the court determines that the circumstances, alone and in combination, are equally consistent with innocence as with guilt, then the court has necessarily concluded that the evidence is *incapable* of providing a reasonable and logical basis for determining guilt. It is the obligation of the court in that instance to direct a verdict of acquittal.

121 S.Ct. 345, 148 L.Ed.2d 277 (2000). "The substance of the law must be charged to the jury, not particular verbiage." *Id.* A jury charge is correct if it contains the correct definition and adequately covers the law when the charge is read as a whole. *Id.* "To warrant reversal, a trial judge's refusal to give a requested jury charge must be both erroneous and prejudicial." *Id.; see also State v. Needs,* 333 S.C. 134, 508 S.E.2d 857 (1998).

I agree with Judge Stilwell's conclusion that this argument misconstrues the holding in *Grippon.* In that case, the defendant also requested the *Edwards* "exclusion of every other reasonable hypothesis" language sought by Cherry. As in this case, the trial judge refused the request. Our supreme court affirmed, finding the charge, when taken as a whole, adequately conveyed the level of proof necessary to find the defendant guilty. *Grippon,* 327 S.C. at 82, 489 S.E.2d at 463. Furthermore, the court recommended a circumstantial evidence jury charge *which does not contain the requested language. See Id.,* at 83–84, 489 S.E.2d at 464.

In *State v. Needs,* the supreme court described this recommended charge as one which "makes no distinction between circumstantial and direct evidence." 333 S.C. at 156, n. 13, 508 S.E.2d at 868, n. 13.[12] To accept Cherry's argument, one must conclude that our supreme court, in *Grippon,* recommended as a complete circumstantial evidence charge an instruction which makes no distinction between circumstantial and direct evidence, knowing it to be an inadequate explanation of the law. This conclusion is implausible. Therefore, even though the inclusion of the "reasonable hypothesis language" is not harmful error, under the authority of *Grippon*

---

12. In *Needs,* our supreme court stated "[w]e have identified two appropriate ways to define reasonable doubt and two appropriate ways to charge circumstantial evidence. *Trial courts should rarely find it necessary to deviate from those approved charges."* 333 S.C. at 155–156, 508 S.E.2d at 868 (emphasis added). This latter sentence should not be misconstrued to suggest that the "exclusion of every other reasonable hypothesis" language could be required, if requested, in a purely circumstantial or factually close case. Such an approach would impermissibly require weighing the evidence by the trial court, and implies that a greater explanation of the burden of proof is necessary when the judge believes the case is a close one. Such a subjective rule would not meet the requirements of Due Process. *See Sullivan v. Louisiana,* 508 U.S. 275, 113 S.Ct. 2078, 124 L.Ed.2d 182 (1993).

and *Needs,* the *failure* to include it cannot be reversible error either.

In conclusion, I agree with Judge Stilwell's determination that the jury charge fully complied with the requirements of South Carolina law, as set forth in *Grippon.* However, there is an absence of any direct or substantial circumstantial evidence reasonably tending to prove an intent to distribute, or from which the intent to distribute crack cocaine can fairly and logically be deduced. For this reason, I would reverse the conviction for possession with intent to distribute crack cocaine.

HEARN, C.J., and CURETON, J., concur.

SHULER, J., (concurring in part and dissenting in part):

While I concur in Judge Stilwell's opinion to the extent it finds the trial court properly submitted the case to the jury, I disagree with the conclusion reached regarding the circumstantial evidence charge and, with responsive changes, respectfully adhere to my original dissent.

The trial court instructed the jury pursuant to *State v. Grippon,* 327 S.C. 79, 84, 489 S.E.2d 462, 464 (1997) ("The law makes absolutely no distinction between the weight or value to be given to either direct or circumstantial evidence. Nor is a greater degree of certainty required of circumstantial evidence. . . ."). Upon realizing the court failed to give the conventional charge on circumstantial evidence, Cherry's counsel, noting that *Grippon* "does not preclude a more thorough charge," requested further instructions. As Judge Stilwell correctly observes, the charge requested is comparable to the traditional language enunciated by our supreme court in *State v. Littlejohn,* 228 S.C. 324, 89 S.E.2d 924 (1955) and later quoted with approval in *State v. Edwards,* 298 S.C. 272, 275, 379 S.E.2d 888, 889 (1989) ("[E]very circumstance relied upon by the State [must] be proven beyond a reasonable doubt . . . and taken together, point conclusively to the guilt of the accused to the exclusion of every other reasonable hypothesis."). Because I agree that a fuller *Edwards*-type instruction was both appropriate and warranted under the circumstances, I would find the court's failure to further instruct the jury was error.

There is no question the charging language set forth in both *Grippon* and *Edwards* is valid. *See State v. Needs,* 333 S.C. 134, 159 n. 13, 508 S.E.2d 857, 870 n. 13 (1998) (reaffirming the "well established" *Edwards* charge and stating that the court recently approved a charge in *Grippon* "that makes no distinction between direct and circumstantial evidence"). However, while I concur in the view that the law does not discriminate between the relative weight or probative value of direct versus circumstantial evidence, I must disagree with Judge Stilwell's assertion that the traditional *Edwards* instruction "distinguishes" between the two. *Edwards,* in fact, makes no mention of direct evidence; it merely outlines the *test* which the jury should use in *evaluating* circumstantial evidence. *See Littlejohn,* 228 S.C. at 328, 89 S.E.2d at 926 (describing the charge as the "test by which circumstantial evidence is to be measured by the jury in its deliberations"). The question, then, is not whether both charges are legally correct, but, as Judge Howard notes, whether they are "functionally equivalent." I do not believe they are.

In a criminal case, the test set forth in *Edwards* may be critical to a just resolution because of the *nature* of circumstantial evidence. *See Moriarty v. Garden Sanctuary Church of God,* 341 S.C. 320, 338 n. 6, 534 S.E.2d 672, 681 n. 6 (2000) (wherein the court, while concluding circumstantial and direct evidence are equally valid and convincing, recognized that *Edwards* "indicates circumstantial evidence requires greater scrutiny than direct evidence in a criminal proceeding"). Unlike direct evidence, which the jury may accept or reject on its face, a proper assessment of circumstantial evidence requires the jury to decide not only whether the facts and circumstances presented are true, but also whether the defendant's guilt logically can be inferred. *See State v. Salisbury,* 343 S.C. 520, 525 n. 1, 541 S.E.2d 247, 249 n. 1 (2001) ("Direct evidence immediately establishes the main fact to be proved. Circumstantial evidence immediately establishes collateral facts from which the main fact may be inferred, and is typically characterized by inference or presumption.") (citations omitted); *People v. Wachowicz,* 22 N.Y.2d 369, 292 N.Y.S.2d 867, 239 N.E.2d 620, 622 (1968) ("In the end, it is a question whether common human experience would lead a reasonable man, putting his mind to it, to reject or accept the inferences asserted for the established facts.").

Thus, the use of circumstantial evidence asks the jury to employ analytical tools in a complex reasoning process not otherwise needed when reviewing direct evidence alone. Unfortunately, in so doing it also invites the danger of "logical gaps" legitimately associated with circumstantial evidence—that the jury may surmise guilt from "subjective inferential links based on probabilities" and thereby elevate coincidence or suspicion into permissible inference. *People v. Cleague,* 22 N.Y.2d 363, 292 N.Y.S.2d 861, 239 N.E.2d 617, 619 (1968).

In my view, the traditional *Edwards* charge provides the appropriate analytical framework for focusing the jury's deliberative process in a case such as this, where the State relies solely on circumstantial evidence to prove an element of the crime. The charge recommended in *Grippon,* on the other hand, unquestionably fails to alert the jury to the unique nature of circumstantial evidence.[13] Surely, if *Grippon* stands for anything it is the proposition that circumstantial and direct evidence are equally valid methods of proving guilt, not that they are identical methods of doing so. *See State v. Graddick,* 345 S.C. 383, 388, 548 S.E.2d 210, 212 (2001) (finding *Grippon*'s recommended charge "emphasizes the lack of distinction between the *weight* to be given to direct and circumstantial evidence" and therefore approving the trial court's use of an instruction stating that "circumstantial evidence is just as competent or capable of proving a fact in issue as is direct evidence") (emphasis added); *Salisbury,* 343 S.C. at 525 n. 1,

---

13. Interestingly, the *Grippon* charge stems from the Supreme Court's decision in *Holland v. United States,* 348 U.S. 121, 75 S.Ct. 127, 99 L.Ed. 150 (1954). While it is true that *Holland,* a tax evasion case involving the "net worth" method of circumstantial proof, proposed as the "better rule" the charging language later articulated in *Grippon,* it was not without qualification. *Id.* at 139, 75 S.Ct. 127. To the contrary, the *Holland* Court referenced the "great danger" associated with equivocal circumstantial evidence—that once the prosecution established the necessary circumstances a jury might assume the inferential crime automatically followed, despite reasonable explanations offered by the defense. *Id.* at 127–28, 75 S.Ct. 127. Accordingly, the Court warned that jury charges in such cases "should be especially clear, including, in addition to the formal instructions, a summary of the nature of the [circumstantial evidence] method ... *and the inferences available both for and against the accused." Id.* at 129, 75 S.Ct. 127.

541 S.E.2d at 249 n. 1 (discussing difference between direct and circumstantial evidence).

Without question, the law to be charged in a particular case is determined by the evidence presented at trial. *State v. Long,* 325 S.C. 59, 480 S.E.2d 62 (1997); *State v. Gourdine,* 322 S.C. 396, 472 S.E.2d 241 (1996). Accordingly, it is well settled that a trial court commits reversible error when it fails to give a requested charge on an issue raised by the evidence. *See State v. Burriss,* 334 S.C. 256, 513 S.E.2d 104 (1999); *State v. Hill,* 315 S.C. 260, 262, 433 S.E.2d 848, 849 (1993). As our supreme court has stated, "[a] request to charge a correct statement of the law on an issue raised by the indictment and the evidence presented at trial should not be refused." *State v. Austin,* 299 S.C. 456, 385 S.E.2d 830, 831 (1989); *see also State v. Addison,* 343 S.C. 290, 540 S.E.2d 449 (2000); *State v. Kimbrell,* 294 S.C. 51, 362 S.E.2d 630 (1987).

Although the refusal to give a specific charge may not be error *"when the given instructions use the proper test for determining the issues before the jury," State v. Hughey,* 339 S.C. 439, 452, 529 S.E.2d 721, 728 (2000), such is not the case when the charge as given fails to cover the substance of the request. *See State v. Day,* 341 S.C. 410, 535 S.E.2d 431 (2000) (failure to tailor jury instructions to adequately reflect facts and theories presented by the defendant constituted reversible error); *State v. Starnes,* 340 S.C. 312, 531 S.E.2d 907 (2000) (court must fashion an appropriate charge when defendant requests more than the standard self-defense charge and the evidence supports the request); *Battle v. State,* 305 S.C. 460, 409 S.E.2d 400 (1991) (counsel was ineffective in failing to request additional jury instructions on self-defense when warranted by the evidence, despite fact that judge had instructed jury in accordance with prior court-approved self-defense charge); *State v. Fuller,* 297 S.C. 440, 377 S.E.2d 328 (1989) (court erred in giving a prior-approved charge exclusively without considering the facts and circumstances of the particular case when defense counsel repeatedly requested additional charges based in common law); *Kimbrell,* 294 S.C. at 56, 362 S.E.2d at 632 (reversing conviction for cocaine trafficking where the charge requested was a correct statement of the law but charge given did not adequately cover the substance of the request); *State v. Brownlee,* 318 S.C. 34, 38, 455 S.E.2d 704, 706 (Ct.App.1995) (reversing conviction for possession

with intent to distribute because, "although the charge as given correctly stated the elements of the offense, it did not adequately cover the substance of [the defendant's] request").

The charge requested by Cherry is a correct statement of the law on circumstantial evidence. *See Needs*, 333 S.C. at 159 n. 13, 508 S.E.2d at 870 n. 13; *Edwards*, 298 S.C. at 275, 379 S.E.2d at 889. From Cherry's perspective, because the jury could have found the sum of the circumstantial facts asserted by the State to be as consistent with innocence of *distribution* as with guilt, a charge that these facts, taken together, must point conclusively to his guilt to the exclusion of every other reasonable hypothesis before a conviction could stand was imperative. Hence, I would find the inferential nature of the circumstances presented in this case justified additional instructions to guide the jury in making appropriate logical inferences and thus deny a finding of guilt based on mere probability.[14] *See Grippon*, 327 S.C. at 87–88, 489 S.E.2d at 466–67 (Toal, J., concurring in result only) (In "clarif[ying] the jury's responsibility to evaluate circumstantial evidence carefully," the *Edwards* charge forecloses the possibility that the jury " 'may leap logical gaps in the proof offered and draw unwarranted conclusions based on probabilities of low degree.' ") (quoting *People v. Ford*, 66 N.Y.2d 428, 497 N.Y.S.2d 637, 488 N.E.2d 458, 465 (1985)).

Finally, it must be noted that nothing in *Grippon* or *Needs* precludes a trial court from giving the more detailed *Edwards* charge, including the language that all of the circumstances proffered by the State must "point conclusively to the guilt of the accused to the exclusion of every other reasonable hypothesis." *Edwards*, 298 S.C. at 275, 379 S.E.2d at 889; *see*

---

**14.** I disagree with Judge Howard that this approach would "impermissibly require weighing the evidence." To me, the trial court's decision on whether to give additional guidance would be the same as in any case where the court must determine whether the evidence supports a particular charge. Nor do I agree that it "implies that a greater explanation of the burden of proof is necessary when the judge believes the case is a close one." What *Edwards* offers is not a superior explanation of the burden of proof; rather, it is at least some explanation of how the jury should analyze circumstantial evidence in order to employ it appropriately in deciding if the State has met that burden. Furthermore, in my opinion, continued approval of the *Edwards* language is rendered superfluous if the charge is not given when warranted by the facts and circumstances of a particular case.

*Grippon,* 327 S.C. at 82, 489 S.E.2d at 462 (reiterating the supreme court has "never rejected the 'reasonable hypothesis' phrase or found [that it] shifted the burden of proof" from the State). To the contrary, because the charges outlined in *Grippon* and *Edwards* serve different purposes, they are inherently complementary, not mutually exclusive. Indeed, in *State v. Graddick* our supreme court recently affirmed an instruction that "was a hybrid of the traditional [Edwards] circumstantial evidence charge and the charge approved in Grippon." *Graddick,* 345 S.C. at 388, 548 S.E.2d at 212.

As our supreme court has said, "[t]he purpose of a charge is to enlighten the jury. This purpose is accomplished by a statement of the law which fits the concrete case...." *State v. Fair,* 209 S.C. 439, 445, 40 S.E.2d 634, 637 (1946) (quoting *State v. DuRant,* 87 S.C. 532, 534, 70 S.E. 306, 307 (1911)). In my view, while the *Grippon* charge "obviously is a correct statement of the law," it does not cover the substance of Cherry's requested instruction. It was therefore error to refuse the request.

Furthermore, the court's failure to give the additional instruction cannot be considered harmless, because there exists a reasonable likelihood the jury was unaware it should acquit if it found the combined circumstances relied upon by the State equally susceptible of an inference inconsistent with guilt of the crime charged. *See, e.g., State v. Jefferies,* 316 S.C. 13, 22, 446 S.E.2d 427, 432 (1994) ("In making a harmless error analysis, our inquiry is not what would the verdict have been had the jury been given the correct charge, but rather did the erroneous charge contribute to the verdict rendered."). In my opinion, Cherry was prejudiced by the court's refusal to give the requested charge, particularly in light of a clearly impermissible closing argument wherein the solicitor stated there was evidence Cherry "had already distributed some crack," and that there was "no evidence that he was going to use [the crack] personally for himself." Accordingly, I would reverse the conviction and remand for a new trial.

CONNOR, J.: (joining in the dissents of Judge HOWARD and Judge SHULER).

I respectfully dissent from Judge Stilwell's opinion. I agree in part with Judge Howard's dissent. I also believe Cherry should have been granted a directed verdict.

322

I also agree with Judge Shuler's opinion that the circumstantial evidence charge was insufficient, and therefore Cherry should receive a new trial.